# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DIRK E. HARRIS,

    Petitioner,

    v.                                    Case No. 08-C-0435

LARRY L. JENKINS,

    Respondent.

## DECISION AND ORDER

The petitioner, Dirk E. Harris, who is currently incarcerated at Redgranite Correctional Institution (RCI), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is serving a life sentence for first-degree murder and armed robbery, party to a crime. By his petition, the petitioner challenges the July 18, 1990, judgment of conviction on the following grounds: (1) the trial court erred in allowing the admission of the alleged murder weapon; (2) the jury was tainted by a newspaper article; (3) the trial court erred in allowing a statement made in violation of Edwards v. Arizona, 451 U.S. 477 (1981), to be used for possible rebuttal and in ruling that the fruits of that statement were admissible; and 4) his counsel provided ineffective assistance.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United

States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed June 4, 2008, this court determined that "it does not plainly appear from the 'face of the petition' that the petitioner is not entitled to relief." Thus, this court ordered the respondent, Warden Larry L. Jenkins of the Redgranite Correctional Institution, to file an answer, motion, or other response to the petition for a writ of habeas corpus.

On July 14, 2008, the respondent filed a motion to dismiss the petition and on September 5, 2008, filed its brief in support of its motion. The petitioner filed a brief in opposition to the respondent's motion. On January 12, 2009, the respondent filed a letter indicating that he would not be filing a reply brief. Thus, the motion is ready for disposition and will be addressed herein.

## APPLICABLE LAW

### Motion to Dismiss

A motion pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to decide whether the plaintiff's pleadings actually state a claim upon which relief can be granted. The well-pleaded allegations in the plaintiff's complaint must be taken as true. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996); Janowsky v. United States, 913 F.2d 393, 395 (7th Cir. 1990). Such allegations must be viewed in the light most favorable to plaintiff. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996); Travel All Over the World, Inc.,73 F.3d at 1428. Moreover, pro se pleadings must be given a liberal construction. Gregory

v. Nunn, 895 F.2d 413, 414 (7th Cir. 1990). A pro se complaint should not be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6 (1957); Hughes v. Rowe, 449 U.S. 5, 11 (1980); Williams v. Faulkner, 837 F.2d 304, 307 (7th Cir. 1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989).

Federal Rule of Civil Procedure 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). It is also well-settled in this circuit that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." Wright v. Association Ins. Co., Inc., 29 F.3d 1244, 1248 (7th Cir. 1994) (citing Venture Associates v. Zenith Data Systems, 987 F.2d 429, 431 [7th Cir. 1993]). "[T]his is a narrow exception" to the general rule that when additional evidence is attached to a motion to dismiss, "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." Levenstein v. Salafsky, 164 F.3d 345, 247 (7th Cir. 1998).

In addition, the court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. Henson v. CSC Credit Servs., 29 F.3d 280, 824 (7th Cir. 1994); see also, Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (records and reports of administrative bodies may be considered on Rule 12[b][6] motion without triggering conversion to a summary judgment motion); Kramer v. Time Warner, 937 F.2d 767, 774 (2nd Cir. 1991) (documents filed with SEC); Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, Civil 2d § 1364 at 475-479 (2nd ed. 1990).

- 3 -

## RELEVANT FACTUAL BACKGROUND

On July 18, 1990, following a jury trial, the petitioner was convicted of first-degree murder and armed robbery, both party to a crime. (Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Petition] at 2).[1] That same day, Judge William Gardner, of the Circuit Court for Milwaukee County, Wisconsin, sentenced the petitioner to a life sentence and twenty years concurrent to the life sentence.

On March 16, 1993, the petitioner appealed both the judgment of conviction and an order denying a postconviction motion to the Wisconsin Court of Appeals.[2] (Petition at 3). On November 8, 1994, the Wisconsin Court of Appeals affirmed the circuit court judgment. (Petition at 3). The Wisconsin Supreme Court affirmed the judgment of conviction in a decision dated February 29, 1996. The petitioner did not file a writ of certiorari with the United States Supreme Court. (Petition at 4).

On August 17, 2006, the petitioner filed a Wis. Stat. § 974.06 motion in the Milwaukee County Circuit Court. Judge Jeffrey A. Wagner denied the petitioner's motion by a decision and order dated October 3, 2006. (Petition at 5). The petitioner appealed and on June 12, 2007, the Wisconsin Court of Appeals affirmed the order of the circuit court. The petitioner did not file a petition for review with the Wisconsin Supreme Court. (Petition at 5).

---

[1] The undisputed relevant factual information is taken from the petitioner's petition for a writ of habeas corpus which is verified. See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996). The judgment of conviction indicates that the petitioner entered a guilty plea. That apparently is an error. See Petition at 2; Respondent's Memorandum in Support of Motion to Dismiss Petition for Writ of Habeas Corpus for Untimeliness, Exhs. B and C.

[2] The petitioner states that he also filed an appeal on March 20, 1991, but that it was "lost by the Clerk of Courts." (Petition at 3).

- 4 -

**ANALYSIS**

In his motion to dismiss, the respondent asserts that the petitioner's habeas corpus petition was filed almost eleven years after the expiration of the one-year period of limitations. Therefore, the respondent asserts that the petition is untimely and should be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), provides for a one-year period of limitations for an application for a writ of habeas corpus. The one-year period runs from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see also, Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005).

In Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002), the court addressed when the one year statute of limitations under § 2244(d)(1)(A) begins to run. The court noted that the statute provides that the one-year period of limitations begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at 674. The court held that because the plain words of the statute include the period for seeking direct review, regardless of whether a petitioner chooses to avail himself of that opportunity, the ninety-day period during which a petition for certiorari

- 5 -

may be filed by a state prisoner falls within the meaning of § 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run. Id. at 674-75.

In this case, the petitioner's direct criminal appeal in the state court system was concluded when the Wisconsin Supreme Court affirmed the decision of the court of appeals on February 29, 1996. (Petition at 3). The petitioner did not file a petition for a writ of certiorari and, therefore, his judgment of conviction became final on May 29, 1996, ninety days after the conclusion of his direct criminal appeal to the Wisconsin Supreme Court. Thus, the one-year limitation period began to run on May 30, 1996. It expired one year later on May 30, 1997. The petitioner did not file his petition for a writ of habeas corpus until May 16, 2008, nearly 11 years after the one-year period of limitations for filing a federal habeas petition had passed.[3]

The court notes that in certain circumstances, however, the petitioner may demonstrate a basis for tolling the period of limitations for filing a petition for a writ of habeas corpus. Section 2244(d)(2) provides for the tolling of the period of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, nothing was pending from May 29, 1996, until the petitioner filed a Wis. Stat. § 974.06 motion on August 17, 2006. The motion did not toll the period for filing a petition for a writ of habeas corpus in federal court because the one-year period of limitation had already expired. See Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005) (the one-year period of limitations cannot be tolled by the later filing of a motion or petition seeking collateral relief).

---

[3] The petition is dated May 9, 2008. The seven day difference in the date filed and the date the petition was signed do not affect the outcome of this case.

Accordingly, in this case, the period of limitations was not tolled and the petitioner's petition for a writ of habeas corpus is untimely.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss be and hereby is **granted**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**FINALLY, IT IS ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 23rd day of January, 2009.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge